

**SIGNED this 02 day of June, 2008.**

                                                      **R. Thomas Stinnett**
                                     **UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

In re

| | |
|---|---|
| Marilyn Russell, | No. 07-11374 |
|     Debtor | Chapter 7 |
| | |
| Richard F. Clippard, Unites States Trustee | |
|     Plaintiff | |
| v. | Adversary Proceeding |
| | No. 07–1098 |
| Marilyn Russell | |
|     Defendant | |

Appearances:  Richard F. Clippard, U. S. Trustee, William R. Sonnenburg, Assistant U. S. Trustee

       Marilyn Russell, *Pro Se*

R. Thomas Stinnett, United States Bankruptcy Judge

### MEMORANDUM

       The debtor filed a motion for recusal on January 28, 2008. On February 6, 2008, she filed a motion to alter or amend an order entered in the adversary proceeding on January 23, 2008. The motion to alter or amend requested a hearing on February 21, 2008. The court had not ruled on the motion to

recuse. Since the court did not expect to rule on the motion to recuse before the requested hearing date, the court entered an order denying a hearing on that date. The court could have refrained from entering any such order and simply not set a hearing, but the court wanted to make clear to the debtor that a hearing would not be scheduled or take place while the motion to recuse was pending. Therefore, the court entered an order on February 20, 2008 denying the request for a hearing on February 21, 2008. On March 20 and 25, 2008, the debtor filed three somewhat vitriolic motions taking the court to task for denying the hearing while the motion to recuse was pending. Docket Nos. 51, 52 & 54.

The same course of events transpired with regard to the debtor's motion to alter or amend an order entered in her bankruptcy case on October 2, 2007. The debtor filed the motion to alter or amend in the bankruptcy case and requested a hearing on February 21, 2008. On February 20, 2008, the court entered an order in the bankruptcy case denying the request for a hearing on February 21, 2008. On March 20 and 25, 2008, the debtor filed two motions taking the court to task for its order denying the request for a hearing on the motions on February 21, 2008. The two motions were filed in the adversary proceeding instead of the bankruptcy case.

The court denied the hearing requests for the purpose of refraining from making any ruling on the merits of the motions to alter or amend while the motion to recuse was still pending. The debtor's motions are unclear but appear to be based partly on her misunderstanding of the procedure for dealing with motions. She seems to think that a hearing must be held before the court will decide a motion, that the court will not set a hearing unless requested, and the court will set a hearing if requested. None of these ideas is correct, as the court explained in the memorandum opinion dealing with the debtor's motion to recuse. The orders entered by the court had no effect on the motions to alter or amend other than to deny a hearing on the requested date.

The debtor's real complaint may be two parts of the court's reasoning. The court reasoned that the motions to alter or amend would not be referred to a different judge, before deciding the motion to recuse, because that course of action would allow a litigant to judge shop by filing a motion to recuse even if it was meritless. This was ordinary legal reasoning of the kind often employed by courts to protect against abuse of the legal process without regard to whether the party who filed the motion under

consideration was actually attempting to abuse the process. In any event, the debtor has not pointed out any error in the reasoning.

Apparently the debtor was also offended by the court's statement that her motion to recuse relied on an irrelevant statute. Lawyers also make mistakes in legal arguments. A simple rejection of a wrong legal argument does not show bias or prejudice and is not a ground for taking offense.

The court has now denied the debtor's motion to recuse or disqualify. Denial of the motion to recuse and the court's reasoning in the memorandum opinion undercut the five motions filed by the debtor on March 20 and 25, 2008.

The court will enter an order denying the five motions – Docket Numbers 49, 51, 52, 53 and 54 – filed by the debtor on March 20 and 25, 2008.

# # #